**TRANSOCEAN GULF OIL CO. and Gulf Oil Refining and Marketing Co., Plaintiffs,**

v.

**PARAPADA SHIPPING CO., LTD. in personam, and M. V. GEORGE S, her engines, boilers, etc., in rem, Defendants.**

**Civ. A. No. 81–237.**

United States District Court, D. Delaware.

Aug. 30, 1982.

---

John E. Babiarz, Jr., Jack B. Blumenfeld and Donald Parsons, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiffs; Burlingham, Underwood & Lord, of New York City, of counsel.

Peter M. Sieglaff, of Potter, Anderson & Corroon, Wilmington, Del., for defendants;

Poles, Tublin, Patestides & Stratakis of New York City, of counsel.

STEEL, Senior District Judge:

The plaintiffs have filed a motion to reargue the Court's opinion dated July 14, 1982.

Initially a word is required about the identity of the plaintiffs. The "plaintiff" Gulf Oil Refining and Marketing Company ("GORAM") has no standing to sue because it is simply a division of Gulf Oil Corporation. The other "plaintiff", Transocean Gulf Oil Company ("Transocean") is a subsidiary of the Gulf Oil Corporation, but it is not a party in interest because before suit was started it had assigned the bill of lading which it once held to GORAM. (Doc. 54, p. 13, Tr. p. 12). Both parties agree that the real party in interest is Gulf Oil Corporation. (Docs. 55, 56). Hence for purposes of the further discussion Gulf Oil Corporation will be considered to be the only plaintiff in the case.

Plaintiff Gulf Oil Corporation was the owner of a cargo of oil which had been shipped on the vessel, George S, owned by the defendant Parapada Shipping Co. On June 5, 1981, plaintiff began an action in this Court against the vessel and its owner for damages to the cargo which resulted when the vessel became disabled on the voyage from Nigeria to the United States. Plaintiff sought to recover a judgment against defendant in an amount to be determined and for a declaration by the Court that plaintiff was not liable to contribute in general average.

On January 21, 1982, the defendant demanded arbitration of its claim for general average in London. On May 15, 1982, plaintiff moved for a preliminary injunction to enjoin the defendant from proceeding for arbitration in London. Defendant has filed a cross motion to stay the action in this Court pursuant to 9 U.S.C. § 3 and to compel plaintiff to proceed to arbitration in London under 9 U.S.C. § 4.

On July 14, 1982, the Court filed an opinion, supported by findings of fact and conclusions of law, which denied plaintiff's motion and granted defendant's cross motion. The last paragraph of the opinion reads:

"At the argument, the parties agreed that the disposition of the motions referred to in the last paragraph may be treated as a final decision on the arbitration issue (not on the merits) and accordingly the Court so holds."

In its motion for reargument plaintiff contends that there has been no agreement on its part to treat the decision as a final decision on whether the action was arbitrable in London; that the decision denying plaintiff's motion for a preliminary injunction and granting defendant's cross motion was erroneous and should be withdrawn; and that a trial on whether an arbitration agreement exists is required by 9 U.S.C. § 4.

Because the plaintiff was somewhat ambivalent on whether it would agree that the decision on the two motions should be treated as a final decision, the Court asked the parties to state in writing what their positions were on the question of the finality of the decision. On July 9, 1982, Burlingham Underwood & Lord, the New York attorneys for the plaintiff, stated in effect that if the decision were in favor of plaintiff it should be treated as final but if the decision were in favor of the defendant, factual issues existed which would have to be tried under the Arbitration Act. (Doc. 55). The last paragraph of the opinion, therefore, was clearly erroneous.

Common to both motions is the question whether plaintiff was a party to an agreement to arbitrate in London the controversy which is pending in this Court. The standard for granting relief to a party seeking to compel arbitration, in this case the defendant, is stated in 9 U.S.C. § 4:

"The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof."

If a genuine issue exists as to the existence of an agreement to arbitration the Arbitration Act requires the Court to proceed summarily to try the issue.

Plaintiff has sued on a bill of lading dated April 14, 1981, issued by Gulf Oil Company (Nigeria) Ltd., agent for Nigerian National Petroleum Corporation (Bortmess Aff. Ex. 4), the shipper. Nevertheless, plaintiff asserts that the bill of lading constituted a contract between defendant, the carrier of the cargo, and plaintiff, to whom the bill of lading was endorsed. (Tr. 10). Defendant has not controverted this principle.

The bill of lading contained the following clause:

"EXCEPT for the rate and the payment of freight and demurrage, all terms and conditions and exemptions from liability specified in the Charter Party or other Contract or Agreement under which this vessel is employed are deemed to be incorporated herein and shall govern the rights of the parties concerned in this shipment."

The question whether an agreement to arbitrate exists between plaintiff and defendant depends upon the meaning of this clause. Defendant contends that it refers to the "Charter Party" dated April 18, 1981 which provides:

"The place of General Average and arbitration proceedings to be in London."

On the other hand, plaintiff argues that the reference in the bill of lading is not to the "Charter Party" but to a "Contract of Affreightment" which contains no clause referring to arbitration.

In addition, plaintiff argues that even if the bill of lading is construed to incorporate the charter party with its arbitration clause, still plaintiff did not sign the charter party and hence cannot be bound by the agreement to arbitrate. It is true that the charter party was signed only by Afran Transport Company and by an agent on behalf of the defendant, the ship owner.

Defendant responds by arguing that although plaintiff did not itself sign the charter party, the vessel was in fact chartered and operated by Gulf Trading and Transportation Company (GT&T), a division of Gulf Oil Corporation, that Afran was a subsidiary of Gulf Oil, and that Afran was an agent or instrumentality of Gulf Oil which in reality was the real charterer of the vessel.

The issue whether plaintiff was a party to the agreement to arbitrate is a genuine one. By the terms of the Arbitration Act this issue must be tried. In resolving it all reasonable doubts and inferences as to the existence of the agreement must be resolved in favor of the plaintiff. *Par-Knit Mills, Inc. v. Stockbridge Fabrics Company,* 636 F.2d 51, 54 (3d Cir. 1980). It was, therefore, error for the Court to adjudicate the question on the cross motions. For this reason plaintiff's motion for reargument is granted and the opinion of July 14, 1982, will be withdrawn.

Since there must be a trial on the question of whether an arbitration agreement existed to which plaintiff was a party, the meaning of the incorporating provision in the bill of lading will also have to be decided at the trial. Whether this is to be a fact or legal question will make little difference if the trial is to be to the Court rather than to a jury.